**WO** BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Christopher Paul Ramsey,            )   No. CV 05-3691-PHX-MHM (ECV)
        Plaintiff,            )
                    )   **ORDER**
vs.            )
                    )
Joseph M. Arpaio,            )
        Defendant.            )
_____ )

Plaintiff Christopher Paul Ramsey, currently confined in the Maricopa County Durango Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will order Defendant Arpaio to answer the Complaint.

**A.**     **Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF

§ 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.** **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

**C.** **Complaint**

Plaintiff names as a Defendant Joseph Arpaio, Sheriff of Maricopa County, alleging that he is in charge of hiring and setting policies. Plaintiff argues that his constitutional rights were violated by (1) an inadequate and tainted diet consisting of insufficient and spoiled food, (2) overcrowding resulting in constant fights, and (3) unsanitary conditions due to mold in the walls and asbestos in the air vents. Plaintiff seeks monetary and other relief.

1  **D.     Claims to be Served**

2     At this early stage, Plaintiff sufficiently alleges that his constitutional rights were
3  violated by (1) an inadequate and tainted diet, (2) overcrowding, and (3) unsanitary
4  conditions. Defendant Arpaio will be ordered to answer the Complaint.

5  **E.     Rule 41 Cautionary Notice**

6     Plaintiff should take notice that if he fails to timely comply with every provision of
7  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
8  41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
9  61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of
10 the Court).

11 **IT IS THEREFORE ORDERED that:**

12    (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #1) is granted.

13    (2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
14 Plaintiff is assessed no initial partial filing fee. All fees shall be collected and paid in
15 accordance with this Court's Order to the appropriate government agency filed concurrently
16 herewith.

17    (3) The Clerk of Court shall send Plaintiff a service packet including the Complaint,
18 this Order, and both summons and request for waiver forms for Defendant Arpaio.

19    (4) Plaintiff shall complete and return the service packet to the Clerk of Court within
20 20 days of the date of filing of this Order. The United States Marshal will not provide
21 service of process if Plaintiff fails to comply with this Order.

22    (5) If Plaintiff does not either obtain a waiver of service of the summons or complete
23 service of the Summons and Complaint on each Defendant within 120 days of the filing of
24 the complaint or within 60 days of the filing of this Order, whichever is later, the action may
25 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
26 Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

27    (6) The United States Marshal shall retain the Summons, a copy of the Complaint, and
28 a copy of this Order for future use.

(7) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading shall state the Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the Defendant by name on whose behalf it is filed.

(11) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for

1  consideration by the Court.  Plaintiff shall include with the original document and copy, to
2  be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
3  the pleading or document was mailed to Defendant or counsel.  Any paper received by a
4  District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
5  may be disregarded by the Court.

6  (12) At all times during the pendency of this action, Plaintiff shall immediately advise
7  the Court and the United States Marshal of any change of address and its effective date.
8  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall
9  contain only information pertaining to the change of address and its effective date.  Plaintiff
10  shall serve a copy of the notice on all opposing parties. The notice shall not include any
11  motions for any other relief. Failure to file a Notice of Change of Address may result in the
12  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
13  of Civil Procedure.

14  (13) A clear, legible copy of every pleading or other document filed shall accompany
15  each original pleading or other document filed with the Clerk for use by the District Judge
16  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
17  may result in the pleading or document being stricken without further notice to Plaintiff.

18  (14) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Local
19  Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

20  DATED this 12th day of January, 2006.

_____
Mary H. Murguia
United States District Judge

TERMPSREF

- 5 -